**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBIN MEREDITH AND MELVIN MILLER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:22-cv-03083-CRL-KLM |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**REPLY IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Illinois Department of Transportation (Defendant or Department), by and through its attorney Kwame Raoul, Attorney General of the State of Illinois, submits this reply support of its motion for summary judgment under Federal Rule of Civil Procedure 56.

**Introduction**

In an attempt to salvage their claims, Plaintiffs hang their case on the assertion that "[t]here are at least three occasions when [McNeal] used the 'N**ger' word in the workplace while communicating with Meredith and Miller." (Dkt. 26, at 9.) But this contention depends upon a hearsay statement that was unsubstantiated during the Department's investigation. Plaintiffs ignore myriad of case law that requires more than just one or two incidents to establish a hostile working environment, and in fact rely upon a case that explicitly differentiated one or two instances of the use of the word n**ger in the workplace from being repeatedly subjected to hearing the word. *See Hrbowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004).

Plaintiffs' remaining argument—that McNeal was Plaintiffs' supervisor—is similarly flawed. Plaintiffs' have utterly failed to produce any evidence that McNeal fell within the applicable definition of a supervisor: there is no evidence that McNeal could take tangible action in relation to Plaintiffs' careers, and therefore no evidence that McNeal was either's supervisor for purposes of Title VII. Tellingly, both Plaintiffs testified their supervisor was someone other than McNeal.

For these reasons, Plaintiffs have failed to raise any genuine issue of material fact that would preclude the entry of summary judgment in Defendant's favor. Instead, the record and relevant case law illustrates that summary judgment should be entered in Defendant's favor.

### Response to Plaintiffs' Additional Statements of Fact

1. McNeal was Miller's supervisor.

**Answer:** **Defendant admits that McNeal referred to himself as Miller's supervisor but denies that McNeal was Miller's supervisor for purposes of Title VII. Exhibit 3 Deposition of Melvin Miller at 15:24-16:5 (stating McNeal was the lead worker and another employee by the name of Ricky Davis was the supervisor).**

2. McNeal was Meredith's supervisor.

**Answer:** **Defendant admits that McNeal referred to himself as Miller's supervisor, but denies that McNeal was Miller's supervisor for purposes of Title VII. Exhibit 2 Deposition of Robin Meredith at 11:20-22 (stating Cory Pealc was the only supervisor Plaintiff Meredith has ever had).**

3. McNeal referred to Mexicans as "beaners" and "wetbacks."

**Answer:** **Defendant admits that Plaintiffs testified McNeal referred to Mexicans as "beaners" and "wetbacks." Defendant denies the factual allegation and denies this fact is material.**

4.      On one occasion McNeal told Meredith and Miller that he got into an altercation off of work and called a black homeless man a n\*\*ger.

**Answer:      Defendant admits that Plaintiffs testified that McNeal told them he got into an altercation off of work and called a black homeless man a n\*\*ger. Defendant denies this fact is material.**

5.      McNeal made a comment in the workplace that it appeared as though there was a n\*\*ger convention going on.

**Answer:      Defendant denies this a material statement of fact.**

**Exhibit 4, Documents submitted to Illinois Department of Human Rights at IDOT 0025 (McNeal stating he said there was a well-digger convention).**

6.      McNeal told Meredith and Miller that a friend allowed him to call him "Big N\*\*ger."

**Answer:      Defendant denies this a material fact.**

7.      Miller was treated by a psychiatrist because of the stress associated with the comments made by McNeal.

**Answer:      Defendant denies this is a material fact for the pending motion as damages are not currently at issue.**

8.      Meredith personally found the statements of McNeal to create a hostile working environment.

**Answer:      Defendant admits Meredith testified as such but denies the veracity of the assertion.**

**Argument**

In the Title VII context, the term "supervisor" only encompasses those who are "empowered by the employer to take tangible employment actions against the victim." *EEOC v. Vill. at Hamilton Point*, 102 F.4th 387, 405 (7th Cir. 2024). Where an individual lacks the authority to hire, fire, promote, demote, discipline, or transfer an employee, he is not a supervisor. *Id*. Plaintiffs have proffered no evidence establishing that McNeal possessed such authority over their positions.

Rather, the evidence demonstrates that McNeal *did not* possess such authority and is shown by the fact that neither Miller nor Meredith considered McNeal his supervisor—both attesting instead that they both reported to supervisors other than McNeal. Ex. 3 at 15:24-16:5; Ex. at 11:20-22. In fact, Plaintiffs' testimony betrays that he was not: both Miller and Meredith explicitly differentiated between a lead worker and a supervisor, despite Plaintiffs' burgeoning efforts to blur those roles. Regardless of McNeal's characterization of his role in relation to Plaintiffs, there is simply no evidence in the record that McNeal met the legal definition of a supervisor for purposes of Title VII, and Plaintiffs' own testimony belies such an assertion.

Even if Plaintiffs were able to establish that McNeal was a supervisor, they would still be unable to hold the Department vicariously liable here. While it is true that an employer can be strictly liable if the harasser is an supervisor, an employer will not be liable where "no tangible employment action has been taken place" and the employer establishes that "(1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided." *Id.* Here, the evidence shows that the Department took prompt action to investigate any alleged harassment when it was brought to the agency's attention and that Plaintiffs failed to alert the Department as to other supposedly offensive statements made by McNeal.

To begin with, Plaintiffs point to no evidence that they suffered any adverse employment action. Rather, Plaintiffs continued to work in the same role and at the same facility; it was McNeal who ultimately transferred work locations. There is simply no evidence of any tangible effects on either Plaintiffs' employment in the record.

Moreover, the Department took timely steps to investigate the alleged discriminatory remarks made by McNeal, finding that the allegations were unsubstantiated.[1] Though Plaintiffs identify two other isolated incidents where McNeal supposedly made offensive comments, these occurred over the course of years and neither statement was directed at either Plaintiff; the Seventh Circuit has consistently held that harassment not directed at a plaintiff or outside the "target area" is less serious than that aimed at the plaintiff. *See Yuknis v. First Student, Inc.*, 481 F.3d 552, 553 (7th Cir. 2007) (only suggestive comments directed at the plaintiff insufficient to establish hostile work environment); *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 567 (7th Cir. 2004) (no hostile work environment where offensive statements were either not made in her presence or were not directed at plaintiff when present). Despite Plaintiffs' intimations, the untoward statements that were not directed at them cannot establish a hostile work environment such that the Department could be liable.

Finally, though Plaintiffs now complain of certain statements years after they were made, there is no evidence that they brought the incidents to the attention of their supervisors or other Department officials with authority to act. The Department is only able to investigate allegedly

---

[1] Plaintiffs argue that the Department's investigative report cannot be considered because it is hearsay. The Seventh Circuit has held, however, that where a report "is a business record, all of its statements are admissible for their truth." *Torry v. City of Chicago*, 932 F.3d 579, 586 (7th Cir. 2019); *c.f. Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000) (business records exception did not subsume statements therein by individuals who were not part of the business). Even if the statements were not admissible for their truth, the Department's investigative report and records are admissible to establish that the Department took prompt remedial action and to explain why it took the actions it did.

offensive statements of which it is aware, and there is no evidence that Plaintiffs made any complaint about McNeal's behavior outside of one incident. *See Logan v. Sabre Mfg. LLC*, No. 3:12-cv-338-CAN, 2013 U.S. Dist. LEXIS 145752, at *32 (N.D. Ind. Oct. 8, 2013) (court left only with evidence showing business promptly investigated incidents and enforced anti-discrimination policy with corrective action). It is undisputed that the Department investigated the only incident it was aware of and, although determining the incident unsubstantiated, Plaintiffs never complained of McNeal's behavior again before his voluntary transfer in August 2020. Therefore, there can be no dispute that the Department adequately responded and appropriately prevented future harassment. *See Paschall v. Tube Processing Corp.*, 28 F.4th 805, 813 (7th Cir. 2022).

Appropriately considering McNeal as a coworker, Plaintiffs fall far short of presenting sufficient evidence to withstand summary judgment. Though Plaintiffs rely on *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004), for the proposition that the "Seventh Circuit has made it clear that when an employee is 'repeatedly subjected to hearing the word n[**]ger,' that is enough to create a hostile work environment," the case does not lend itself to establish liability where the word was heard on one or two occasions. Indeed, the case acknowledges in a footnote that "[c]ompetent evidence suggests that the word 'n[**]ger was used frequently, and not just on one or two occasions." *Id*. at 477, n.2. Contrary to *Hrobowski*, Plaintiffs here describe a situation where the offending word was heard twice over the course of years, and never specifically aimed at Plaintiffs.[2] Because Plaintiffs did not personally witness McNeal's alleged use of the word n[**]ger on the occasion that led to the complaint, it is not actionable.

---

[2] Plaintiffs assert in their brief that McNeal used the word n[**]ger on three occasions when communicating with Plaintiffs, but they have only offered competent evidence of McNeal saying the word twice—never in relation to Plaintiffs. The only time Plaintiffs complained about McNeal's alleged use of the word, they did not hear him say it and the record contains no competent evidence that it was in fact used.

Moreover, their failure to report McNeal's other alleged uses of the word n[**]ger or any other offensive statements vitiates any potential employer liability. *Id*. at 816. For these reasons, Plaintiffs' claims fail as a matter of law and summary judgment should be entered in the Department's favor and against Plaintiffs.

### Conclusion

For these reasons, Defendant, Illinois Department of Transportation, requests that this Court enter summary judgment in its favor and against Plaintiffs.

Respectfully submitted,

ILLINOIS DEPARTMENT OF TRANSPORTATION,

Defendant,

KWAME RAOUL, Illinois Attorney General,
Attorney for Defendants,

Robert Hogue III, #6318000
Assistant Attorney General
500 South Second Street
Springfield, IL 62701                By:    s/Robert Hogue, III
(217) 782-5819 Phone                       Robert Hogue, III #6318000
(217) 524-5091 Fax                         Assistant Attorney General
Email: robert.hogue@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBIN MEREDITH AND MELVIN MILLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No.    22-3083-CRL-KLM |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2024, the foregoing document, *Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment*, consisting of a total of 1,988 words, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Baker jab@bbklegal.com

And I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

None

Respectfully submitted,

By:    /s/Robert Hogue
Robert Hogue #6318000
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
E-Mail: robert.hogue@ilag.gov

8